UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH J. MOORE,

                Petitioner,

  v.

DONALD R. HOLBROOK,

                Respondent.

Case No. C23-5058-JHC-MLP

REPORT AND RECOMMENDATION

## I.   INTRODUCTION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Kenneth J. Moore is currently confined at the Washington State Penitentiary ("WSP") in Walla Walla, Washington. Petitioner seeks to challenge a 2017 judgment and sentence of the Clark County Superior Court. (Pet. (dkt. # 18-1) at 1.) Following a careful review of Petitioner's proposed habeas petition, and the balance of the record, the Court concludes that Petitioner's habeas petition (dkt. # 18-1) should be DISMISSED without prejudice for failure to exhaust state court remedies and that a certificate of appealability should be DENIED as to all claims. As a result, Petitioner's motions submitted with his habeas petition (dkt. ## 18-2, 18-3, 18-4, 18-5, 18-6, 18-7, 18-8, 18-9, 18-10, 18-11, 18-12, 18-13, 18-14, 18-15, 18-16, 19, 20) should be STRICKEN as moot.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

Petitioner was convicted of first-degree murder and second-degree assault with a deadly weapon in June 2019. (*See* Pet. at 1-2.) Petitioner notes in his petition that he appealed his convictions to the Washington Court of Appeals ("Court of Appeals"), and the convictions were affirmed, but the case was remanded for resentencing. (*See id*. at 2-3; *see also State v. Moore*, 19 Wn. App. 2d 1005 (Wash. Ct. App. 2021), *review denied*, 198 Wn.2d 1041 (2022), *cert. denied*, 143 S. Ct. 129 (2022).) Petitioner notes as well that he also filed a petition for review to the Washington Supreme Court and a writ of certiorari to the United States Supreme Court, both of which were denied. (*See id.*) Petitioner indicates that he has not filed any petitions for state post-conviction review. (*See* Pet. at 3, 9-10, 15, 18, 24.)

Petitioner's habeas petition appears to seek relief on at least six grounds. Petitioner's first ground for relief alleges that his First and Eighth Amendment rights were violated at WSP by unidentified Washington Department of Corrections' officers and "Sir Reyes," a certified physician assistant, due to the mishandling of his vascular disease. (*See* Pet. at 5-9.) Petitioner alleges that these individuals' actions resulted in the amputation of his leg below the knee after a bone infection developed in his foot. (*See id.*)

Petitioner's second ground for relief alleges that his Sixth and Fourteenth Amendment rights were violated. (Pet. at 10-14.) Though the claim is vague, it appears that Petitioner alleges the trial court's failure to accommodate his request to communicate using American Sign Language violated his right to testify at trial. (*See id.* at 12-13.)

Petitioner's third ground for relief alleges "false evidence submitted to the jury (prosecutorial misconduct)." (Pet. at 14.) Petitioner alleges that in a sworn pre-trial statement, an officer testified that Petitioner was seen holding a "silver gun" but that the evidence submitted at

his trial was of a "non-shiney(sic) dull powder black gun." (*See id.* at 14, 17.) It further appears that Petitioner raises a fourth ground for relief alleging ineffective assistance of counsel. (*Id.* at 18.). This ground appears to be premised on Petitioner's trial counsel's alleged failure to submit specific exculpatory evidence regarding Petitioner's identity and DNA at trial, and to elicit certain testimony from the State's witnesses on cross-examination relating to the gun evidence referenced in Petitioner's third ground for relief and Petitioner's identity. (*See id.* at 16-17.)

Petitioner's fifth ground for relief alleges that his First and Fourteenth Amendment rights were violated when the trial court interfered with his right testify at trial "by requiring me to write my testimony thereby abridging my freedom speech." (Pet. at 20-21.) Finally, Petitioner's sixth ground for relief alleges that his Fourteenth Amendment rights were violated because after a SWAT team used "sonic concussion grenades" on him in the process of bringing him into custody, he was afflicted with tinnitus, and was not informed of his Miranda rights using a non-verbal method prior to police interrogation. (*Id.* at 22-24.)

Though ambiguous at times, it appears Petitioner acknowledges across all of his grounds for relief that his state remedies were not exhausted because his grounds were either not previously raised on direct appeal or in a post-conviction motion, or because he was in the process of "being tortured to the point of amputation." (*See* Pet. at 5, 9-10, 15, 18, 20, 24-25.) Petitioner requests several forms of relief, including that he be relocated to a "prisoner peer-group containing a prisoner [he is] previously acquainted with," that his sentence be reduced, and he be awarded all of his good time credit, that he be provided a personal wheelchair of his own production and design, and that he be granted a new trial. (*Id.* at 28.)

In addition to his federal habeas petition, Petitioner has submitted to the Court at least 17 other motions, which all generally appear to seek relief and remedies based on his conditions of

REPORT AND RECOMMENDATION - 3

confinement at WSP, to add additional respondents to his habeas petition, or to provide the Court additional evidence and authority in support of his habeas claims. (*See* dkt. ## 18-2, 18-3, 18-4, 18-5, 18-6, 18-7, 18-8, 18-9, 18-10, 18-11, 18-12, 18-13, 18-14, 18-15, 18-16, 19, 20.)

### III.    DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rule 4") requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

In this case, Petitioner has erroneously presented the Court with a petition containing both conditions of confinement claims, which are properly brought in a civil rights complaint, and federal habeas claims. Petitioner has therefore failed to raise his conditions of confinement claims through the proper vehicle in the proper venue. Furthermore, as explained below, Petitioner has failed to exhaust his state court remedies with regard to the federal habeas claims asserted in his petition.

A.    **42 U.S.C. § 1983 Claims**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citations omitted). When success on a petitioner's claims would not necessarily result in immediate or earlier release from confinement, those claims do not fall within the "core of

REPORT AND RECOMMENDATION - 4

habeas corpus." *See Nettles v. Grounds*, 830 F.3d 922, 927-35 (9th Cir. 2016). "[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Id*. at 933-34 (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).

Here, Petitioner's first ground for relief alleges violations of his First and Eighth Amendment rights relating to his conditions of confinement at WSP, including WSP's mishandling of his medical treatment, care, and needs for his vascular disease. (*See* Pet. at 5-9.) Petitioner's asserted claims do not target the legality of his underlying conviction or sentence nor would success on such claims entitle him to immediate or earlier release. Petitioner therefore fails to identify a claim falling within the "core of habeas corpus." Because such claims properly lie in a § 1983 civil rights action, they are not appropriately raised in Petitioner's habeas petition and should be dismissed.

It further appears from the face of Petitioner's habeas petition that the events giving rise to Petitioner's first ground for relief all occurred at WSP. (*See* Pet. at 5-9.) WSP is located in Walla Walla, Washington, which is in the jurisdiction of the Eastern District of Washington, and any potential defendants relating to such claims were all likely employed at WSP. Because Petitioner's claims relate to events that occurred in the Eastern District of Washington, Petitioner is advised that venue is only proper in the Eastern District of Washington absent evidence that defendants reside in this district. *See* 28 U.S.C. § 1391(b).

In sum, the claims asserted in Petitioner's first ground for relief will need to be raised in a separate action pursuant to § 1983.[1] As Petitioner's potential conditions of confinement claims

---

[1] Petitioner is advised that **Error! Main Document Only.**to state a claim for relief under § 1983, he must show: (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) that the violation was proximately caused by a person acting under color of state law. *See*

REPORT AND RECOMMENDATION - 5

arose at WSP, such claims, should Petitioner elect to proceed with them, will need to be pursued in the United States District Court for the Eastern District of Washington.

### B.     Failure to Exhaust

To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).

To provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In *Picard*, the Supreme Court noted in relevant part:

> [I]t is not sufficient merely that the federal habeas applicant has been through the state courts. The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. *Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.*

*Picard*, 404 U.S. at 275-76 (emphasis added).

Here, Petitioner failed to fairly present his federal habeas grounds to the Washington state courts before filing his federal habeas petition. Petitioner's issues raised on direct appeal did not "present the state courts with the same claim he [now] urges upon the federal courts." *See*

---

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, Petitioner must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

REPORT AND RECOMMENDATION - 6

*Picard*, 404 U.S. at 276. In short, the issues Petitioner presented to the Court of Appeals on direct appeal concerned: (1) sufficiency of the evidence as to the operability of the gun at issue for his second-degree assault conviction; (2) the trial court's failure to provide him a real-time transcriptionist for jail meetings with his counsel; and (3) the trial court's denial of motions for withdrawal or substitution of counsel.[2] *See Moore*, 19 Wn. App. 2d at *3-5.

Conversely, Petitioner's habeas petition raises grounds asserting that: (1) his right to testify was violated by the trial court's failure to allow him to communicate at trial using American Sign Language and/or by requiring him to write his testimony at trial; (2) that false evidence was utilized, or prosecutorial misconduct occurred, based on the color of the gun presented at trial; (3) that his trial counsel provided him ineffective assistance by failing to submit specific exculpatory evidence and/or by failing to elicit certain testimony on cross-examination of the State's witnesses; and (4) his Miranda rights were violated because police failed to use a non-verbal method to communicate his rights prior to interrogation. (*See* Pet. at 10-24.) It is also clear that Petitioner has not presented the grounds asserted in his federal habeas petition in any applications for relief through state postconviction review. (*See* Pet. at 3, 9-10, 15, 18, 24.)

Accordingly, the Court finds that the federal habeas claims raised in Petitioner's petition do not present this Court with the same claims previously presented to the Washington state courts, which is necessary to satisfy the exhaustion requirement. Petitioner's habeas petition is therefore not eligible for federal habeas review at this time and should be dismissed. Petitioner

---

[2] It is further unclear from the petition which, if any, of these claims may also have been presented to the Washington Supreme Court, as is required for proper exhaustion.

REPORT AND RECOMMENDATION - 7

will need to present his grounds for relief to the state courts first before he is eligible to proceed with a federal habeas petition concerning such grounds.[3]

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court recommends that a certificate of appealability be denied as to all claims.

## V.   CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's habeas petition (dkt. # 18-1), and this action, be DISMISSED without prejudice for failure to exhaust state court remedies, and that a certificate of appealability be DENIED as to all grounds for relief. The Court further recommends that Petitioner's motions (dkt. ## 18-2, 18-3, 18-4, 18-5, 18-6, 18-7,

---

[3] Petitioner is advised that there is a one-year limitation period applicable to state prisoners seeking to file petitions for federal habeas relief, 28 U.S.C. § 2244(d)(1), and that period is tolled during the pendency of any properly filed application for state post-conviction relief, 28 U.S.C. § 2244(d)(2). Petitioner is further advised that, because the United States Supreme Court denied his petition for writ of certiorari on October 3, 2022, his time to file a federal habeas petition with respect to his challenged convictions began to run on that date. *See* 28 U.S.C. § 2244(d)(1)(a). Thus, Petitioner should act expeditiously in presenting his claims to the state courts so that he can return to this Court with his fully exhausted claims before the limitation period expires.

REPORT AND RECOMMENDATION - 8

18-8, 18-9, 18-10, 18-11, 18-12, 18-13, 18-14, 18-15, 18-16, 19, 20) all be STRICKEN as moot.[4]

A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 31, 2023.**

The Clerk of the Court is directed to send a copy of this Order to Petitioner and to the Honorable John H. Chun.

Dated this 9th day of March, 2023.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

---

[4] Though the Court strikes Petitioner's motions at this time, Petitioner is advised that he may re-file motions that concern his conditions of confinement at WSP should he elect to file a § 1983 action in the Eastern District of Washington as described above. Likewise, Petitioner may re-file any of his motions regarding his habeas petition should he elect to file another federal habeas action after he exhausts his state court remedies.

REPORT AND RECOMMENDATION - 9